hPER CURIAM.*
This matter arises from reciprocal disciplinary proceedings filed by the Office of Disciplinary Counsel (“ODC”) pursuant to Supreme Court Rule XIX, § 21 against respondent, Kenneth R. Rastello, an attorney licensed to practice law in the States of Louisiana and Michigan, based on discipline imposed in Michigan in two separate proceedings.
UNDERLYING FACTS
The Michigan Attorney Grievance Commission (“Commission”) filed disciplinary proceedings against respondent based on allegations that respondent neglected the immigration matters of five clients, failed to appear for numerous immigration hearings without notice to his clients, failed to communicate with his clients, failed to account for or refund unearned fees owed to his clients, failed to take reasonable measures to protect his clients’ interests after abandoning their cases and failed to cooperate in numerous disciplinary investigations. Additionally, the Commission alleged respondent failed to advise his clients of his incapacity to practice law stemming from his abuse of crack cocaine and subsequent three week period of inpatient rehabilitation in late 1998. Following a formal hearing, the | ¡.Michigan Attorney discipline Board (“Board”) imposed a 180 day suspension on respondent, subject to several conditions, including, among other things, substance abuse counseling and random drug testing. Respondent failed to seek leave to appeal the ruling with the Michigan Supreme Court pursuant to the Michigan Supreme Court Rule 9.122, and it is now final.
In a second disciplinary proceeding, the Commission alleged respondent engaged in thirteen counts of misconduct involving sixteen clients. Specifically, it alleged that respondent, neglected and abandoned the immigration matters of his many clients, failed to appear for immigration hearings without notice to his clients, failed to communicate with and misrepresented facts to his clients and converted client funds. A hearing was conducted before a panel of the Board. Respondent appeared and presented mitigating evidence regarding his “severe addiction to crack cocaine,” admitting he perjured himself in his earlier disciplinary proceeding when he testified he had abstained from abusing drugs and alcohol. After a hearing, the Board imposed a two-year suspension on respondent, subject to conditions of substance abuse counseling, random drug testing, monitoring and restitution. Respondent failed to seek leave to appeal the ruling with the Michigan Supreme Court pursuant to the Michi *458 gan Supreme Court Rule 9.122, and it is now final.
PROCEDURAL HISTORY
After the Michigan disciplinary proceedings became final, the ODC filed a motion in this court to initiate reciprocal discipline pursuant to Supreme Court Rule XIX, § 21[1] based on the Michigan disciplinary rulings. Attached to the motion were ^certified copies of the record developed in the Michigan proceedings. Respondent did not file a response to the motion for reciprocal discipline pursuant to Supreme Court Rule XIX § 21(B).
DISCUSSION
The provisions regarding imposition of consent discipline are found in Supreme Court Rule XIX, § 21(D), which states:
Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, the court shall impose the identical discipline imposed by the other state, unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice; or
(4) The misconduct established warrants substantially different discipline in this state.
If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the |4imposition of the same discipline is not appropriate.
Based on our review of the record, we find no evidence that the procedure used in Michigan deprived respondent of due process. Rather, the record establishes respondent had a full hearing before the Michigan Attorney Discipline Board, at which time he presented witnesses and testified on his own behalf.
As to the second factor, we find the proof developed at the Michigan hearings clearly supported the charges against respondent. Significantly, respondent admitted to the violations charged in the second proceeding, and conceded he had serious substance abuse problems, which were at the heart of his misconduct in both the first and second proceedings.
Turning to the third factor, respondent has made no showing in this court which would suggest imposition of the same discipline would result in a grave injustice. We are unable to discern any basis in the *459 record to conclude any grave injustice would result to respondent.
Finally, we do not find that the misconduct established warrants substantially different discipline in Louisiana. Respondent caused actual or potential injury to over twenty victims. His conduct included conversion of client funds, one of the most serious offenses an attorney can commit. Under these circumstances, the substantial suspension from the practice of law imposed in Michigan is similar to the sanction this court would have imposed under these circumstances.
In sum, we find none of the factors which would warrant the imposition of different discipline under Supreme Court Rule XIX, § 21(D) are present. We are mandated to impose the identical discipline imposed by Michigan. Accordingly, we will suspend respondent from the practice of law in Louisiana for a total period of | stwo years and six months.
DECREE
For the reasons assigned, it is ordered that respondent, Kenneth R. Rastello, be suspended from the practice of law in Louisiana for a period of two years and six months. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of the finality of this court’s judgment until paid.

 Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in the decision.

. Supreme Court Rule XIX, § 21(A) provides: A. Disciplinary Counsel Duty to Obtain Order of Discipline From Other Jurisdiction. Upon being disciplined by another state disciplinary agency, a lawyer admitted to practice in Louisiana shall promptly inform disciplinary counsel of the discipline. Upon notification from any source that a lawyer within the jurisdiction of the agency has been disciplined in another jurisdiction, disciplinary counsel shall obtain a certified copy of the disciplinary order and file it with the board and with the court.