ATTORNEY DISCIPLINARY PROCEEDINGS
|,PER CURIAM.
This matter arises from reciprocal disciplinary proceedings filed by the Office of Disciplinary Counsel (“ODC”) pursuant to Supreme Court Rule XIX, § 21 against respondent, Kenneth R. Rastello, an attorney licensed to practice law in the States of Louisiana and Michigan, but who is currently suspended from the practice of law in both jurisdictions.
UNDERLYING FACTS AND PROCEDURAL HISTORY
On April 25, 2001, respondent was convicted in the United States District Court for the Western District of Michigan stemming from his forgery of the signature of a United States Bankruptcy Judge, in violation of 18 U.S.C. § 505. Respondent was sentenced to ten months imprisonment, but was granted work release privileges. He was further sentenced to a three year supervised probation conditioned on, among other things, his participation in a program of testing and treatment for drug and alcohol abuse, 150 hours of community service and payment of restitution.
Subsequently, the Michigan Attorney Grievance Commission (“Commission”) instituted disciplinary proceedings against respondent based on the misconduct. Respondent admitted to the charges. Respondent and the Commission entered into a consent order of discipline, whereby the parties sought imposition of an order of suspension for three years, retroactive to January 5, 2000, the effective date of | ¡.respondent’s prior suspension imposed in unrelated disciplinary proceedings.[1]
On February 5, 2002, the hearing panel accepted the consent discipline and issued an order of suspension. The Michigan Attorney Discipline Board concurred in the consent discipline and issued a final notice of suspension on February 27, 2002.
*296 After the Michigan disciplinary proceedings became final, the ODC filed a motion in this court to initiate reciprocal discipline pursuant to Supreme Court Rule XIX, § 21 based on the Michigan disciplinary rulings. Attached to the motion were certified copies of the record developed in the Michigan proceedings. By order dated March 18, 2002, we granted respondent and the ODC thirty days to inform the court “of any claim, predicated upon the grounds set forth in Supreme Court Rule XIX § 21(D), that the imposition of identical discipline in Louisiana would be unwarranted and the reasons for that claim.” Respondent did not make any filing in response to that order.
DISCUSSION
After reviewing the record, we find none of the factors which would warrant the imposition of different discipline under Supreme Court Rule XIX, § 21(D)[2] are [^present in this case. Accordingly, we will suspend respondent from the practice of law in Louisiana for a period of three years as ordered by the Michigan Attorney Discipline Board.
DECREE
For the reasons assigned, it is ordered that respondent, Kenneth R. Rastello, be suspended from the practice of law in Louisiana for a period of three years as ordered by the Michigan Attorney Discipline Board. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of the finality of this court’s judgment until paid.

. On January 5, 2000, the Michigan Attorney Discipline Board suspended respondent for a period of six months. On December 20, 2000, in unrelated disciplinary proceedings, the Michigan Attorney Discipline Board suspended respondent for an additional two years. Pursuant to the ODC's motion to initiate reciprocal discipline stemming from the discipline imposed in Michigan, on September 29, 2001, this court suspended respondent from the practice of law for two years and six months. In re: Rastello, 01-1777 (La.9/28/01), 799 So.2d 456.

. Supreme Court Rule XIX, § 21(D) provides:
Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, the court shall impose the identical discipline imposed by the other state, unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice; or
(4) The misconduct established warrants substantially different discipline in this state.
If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.